IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

WEST PAVING
AND DEVELOPMENT CORP.            Case Number 11-02219(MCF)

Debtor                                                   Chapter 11

DEBTOR'S MOTION FOR ASSUMPTION
OF EXECUTORY CONTRACT WITH THE MUNICIPALITY OF RINCON

TO THE HONORABLE COURT:

COMES NOW, Debtor, **WEST PAVING AND DEVELOPMENT CORP**., through the undersigned attorney to respectfully state and pray:

1. Debtor holds an executory contract with the Municipality of Rincon for the construction of the Comunidad Barrero Project.  This project is of public interest to provide recreational and sports facilities for the residents of the Barrero community in Rincon.

2. The owner of the project is the Municipality of Rincon and as of this date, the Municipality has not declared Debtor in default.

3. On this point, an amendment to the contract with the Municipality of Rincon was recently subscribed allowing Debtor until June 30th, 2011 to complete the project at Comunidad Barrero. (Copy of the contract in the Spanish language is herein attached as Exhibit A).

4.  This executory contract is necessary for the reorganization process pursued by the Debtor in possession.   According to Debtor's management and President of the

corporation, Jose Luis Plaza Delestre, Esq., the assumption of this contract will yield more than $100,000.00 for the bankruptcy estate, for Debtor's reorganization and for the benefit and distribution to unsecured creditors in this case.

In this particular scenario, the executory contract with the Municipality of Rincon is a component of Debtors' reorganization process and its assumption is in the benefit of the estate and creditors.  It is the business judgment of its management, that the assumption of this contract will preserve the going concern of the business.

5.  Section 365(a) allows a Debtor, subject to Court approval, to assume this executory contract.  The statute allows the Debtors in possession to single out among its agreements those beneficial to the estate and those that are not.  *In re: Pomona Valley Medical Group, Inc.*, 476 F. 3d. 665 (9th Cir. 2007)

6.  As previously explained, the contract with the Municipality of Rincon will yield funds for creditors and the estate.  According to the Debtor's records, the project has a 70% completion and 65% certifications have been submitted.  The Debtor's registers include the amount of $112,000.00 of receivable certifications owed to the Debtor and $60,000.00 conforming to the 10% withholding.

7.  As adequate assurance of future performance under the contract terms as required by section 365(b)(1)(C) of the Bankruptcy Code, Debtor asserts that completion of the project in the course of the continued operation of the Debtor's business and the Municipality's extension of the due date on the contract serve as adequate assurance of future performance.

**WHEREFORE**, Debtor hereby assumes the executory contract with the Municipality of

2

Rincon and respectfully prays for this Honorable Court to approve the assumption of this contract pursuant to the provisions of Section 365 of the Bankruptcy Code.

<u>NOTICE IN COMPLIANCE WITH</u>
<u>LBR 9013-1 (h) MOTIONS PRACTICE</u>

Within eleven (11) days after service of this motion and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico.  If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

**I HEREBY CERTIFY:** That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 14th day of June 2011.

*s/Mª Mercedes Figueroa y Morgade*

**Mª Mercedes Figueroa y Morgade**
**USDC-PR 207108**
3415 Avenida Alejandrino
Box 703
Guaynabo, PR 00969-4956
Tel 787/234-3981
figueroaymorgadelaw@yahoo.com

3